UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:13-CR-182-SDJ |
| | § | |
| DEBORAH ANN DODD (2) | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Deborah Ann Dodd's Emergency Motion for Compassionate Release Pursuant to the First Step Act. (Dkt. #177). The Government filed a response in opposition, (Dkt. #180), to which Dodd filed a reply, (Dkt. #182). Dodd then filed a supplement to the motion. (Dkt. #185). Having considered the motion, the subsequent briefing, and the applicable law, the Court **DENIES** the motion.

**I.**

Dodd pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). She was sentenced to a 140-month term of imprisonment and has been in custody since 2015. (Dkt. #120).

Dodd filed an electronic mail request for compassionate release with her warden on March 24, 2020, stating that her health conditions would place her at heightened risk of grave illness were she to be infected with COVID-19. (Dkt. #149-1, Ex. A). The warden responded that Dodd needed to provide the request "in writing" and provide further information. Dodd then submitted a renewed request for

compassionate release, which was denied. Following the denial, Dodd filed a compassionate-release motion in this Court, arguing the same grounds for release that she presented to her warden. (Dkt. #145). Concluding that Dodd had exhausted her administrative remedies, the Court dismissed her motion for lack of jurisdiction because the asserted grounds for release—the heightened risks to Dodd's health should Dodd contract COVID-19—were not consistent with the Sentencing Commission's policy statements as required by 18 U.S.C. § 3582(c)(1)(A). (Dkt. #158). Dodd then filed a motion for reconsideration, (Dkt. #159), which the Court denied, (Dkt. #172).

Dodd now returns to this Court with a second motion for compassionate release. Dodd asserts that her circumstances have changed, that the Court now has jurisdiction to reduce her sentence, and that the Court should do so. Specifically, Dodd asserts that her medical condition has changed because she has now, in fact, contracted COVID-19, whereas her previous motion was premised on the *risk* of catching COVID-19 and the associated risks to her health. Dodd also asserts that the Bureau of Prison's ("BOP") ability to control the spread of COVID-19 at FCI Pekin—where Dodd is incarcerated—has proven to be significantly lower than the Government previously argued.

## II.

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683,

177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)) (internal quotation marks omitted); *see also* 18 U.S.C. § 3582(c). One such exception arises from Section 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment if, after considering the relevant factors set forth in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" support such a reduction and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1] A sentence modification under Section 3582(c)(1)(A)(i) may be obtained only through a motion made either by the Director of the BOP or by a defendant "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A) (emphasis added). Dodd's motion must be denied because she has failed to meet this exhaustion requirement.

Dodd maintains that she has exhausted her administrative remedies, citing the request she previously submitted to her warden in March 2020. But unlike Dodd's current motion, which is premised on health issues related to Dodd having contracted COVID-19, her prior request to the warden was premised on her concerns about the *risk* of being infected with COVID-19. Dodd argues she has satisfied the exhaustion requirement because "[t]he statutory grounds for Ms. Dodd's motion remain the same." (Dkt. #182 at 3). Under this view, all that matters for exhaustion purposes is

---

[1] An additional exception based on the defendant's age, time served, and danger to the community is set forth in Section 3582(c)(1)(A)(ii). That exception is not applicable here.

3

that Dodd previously submitted a request to the BOP arguing that extraordinary and compelling reasons warrant her release under Section 3582(c)(1)(A)(i). In other words, it does not matter if the asserted extraordinary and compelling reasons in the current motion differ from the reasons asserted to the BOP so long as Dodd is invoking the same statute.

Dodd is mistaken. In order to exhaust her administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in her motion. *See United States v. Duvall*, No. 4:13-CR-17(5), 2020 WL 5390458, at *2 (E.D. Tex. Sept. 4, 2020) ("Duvall is foreclosed from obtaining relief if he has not submitted a request for compassionate release *based on the circumstances raised in the instant motion* to the warden of the facility where he is housed . . . ." (emphasis added)); *United States v. Reeves*, No. 3:18-CR-0313, 2020 WL 3895282, at *2 (N.D. Tex. July 10, 2020) (concluding that the defendant failed to exhaust his administrative remedies because some of the grounds asserted in his compassionate-release motion were not asserted when requesting relief from the warden); *United States v. Crowe*, Nos. 20-5347/5374, 2020 U.S. App. LEXIS 31662, at *4 (6th Cir. Oct. 5, 2020) (noting that the exhaustion requirement is not satisfied when a prisoner's motion advances different grounds than those presented to the BOP); *United States v. Johnson*, No. 8:11-cr-12-T-27AEP, 2020 WL 6134668, at *1 (M.D. Fla. Oct. 19, 2020) (holding that contracting COVID-19 presents a new basis for release that must first be exhausted).

If accepted, Dodd's construction would render the exhaustion requirement largely ineffective. The purpose of the exhaustion requirement is to allow "prison administrators [to] prioritize the most urgent claims[ a]nd ensure[] that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that those conditions will persist." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). The Court cannot "lightly dismiss or re-prioritize" the BOP's role here. *Id.* Accordingly, the Court concludes that a defendant has not exhausted her administrative remedies unless she has presented the BOP with the specific extraordinary and compelling reasons she argues warrant her release.

Alternatively, Dodd argues that her renewed motion does not actually raise a new ground for release. According to Dodd, her administrative request, just like her current motion, was based on the risks to her health created by the COVID-19 pandemic. However, by Dodd's own admission, the grounds that she argues now warrant her release are different than those argued in her administrative request and prior motion. Dodd asserts that the circumstances that led the Court to dismiss her prior motion "ha[ve] now *changed*" because "[her] medical condition has *materially changed* since [her prior motion]." (Dkt. #177 at 1–2) (emphasis added). Thus, Dodd herself has acknowledged that contracting COVID-19 presents a different ground for release than the health risks created by the threat of catching COVID-19. *See Johnson*, 2020 WL 6134668, at *1 (concluding that a compassionate-release motion based on contracting COVID-19 presents "new concerns" beyond concerns about the pandemic generally); *see also Crowe*, 2020 U.S. App. LEXIS 31662, at *4

(concluding that the fact that a health condition has worsened constitutes a new basis for release that must be exhausted).

Dodd also contends that it ultimately does not matter whether she has met the exhaustion requirement because the Court has the authority to waive it. Not so. As the Fifth Circuit has recently affirmed, Section 3582(c)(1)(A)'s exhaustion requirement is mandatory. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Recognizing that the statute sets forth no exceptions to the mandatory exhaustion requirement, the Fifth Circuit held in *Franco* that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." *Id.* at 469. Under *Franco*, Dodd's failure to exhaust her administrative remedies regarding her changed circumstances forecloses any request for compassionate release under Section 3582(c)(1)(A).[2]

It is therefore **ORDERED** that Defendant Deborah Ann Dodd's Emergency Motion for Compassionate Release Pursuant to the First Step Act, (Dkt. #177), is **DENIED**.

      **So ORDERED and SIGNED this 17th day of December, 2020.**

 

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[2] While Dodd indicates in a footnote that she "submitted a supplemental request to the warden on November 5, 2020," (Dkt. #177 at 5 n.3), this was less than thirty days prior to the filing of her renewed motion. Even so, the Court is unaware of what Dodd submitted to the warden and what grounds, if any, Dodd asserted.